SAMPLE #2

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**

NOV 2 6 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY_____, DEPUTY

YOLANDA LEE )
)
)
)
Plaintiff, )
)
vs. )   CIV-13-1254 W
OKLAHOMA DEPARTMENT )
OF REHABILITATION SERVICES )
Defendant. )

**COMPLAINT**

NOTE: *Your signature, address and phone number **must** appear at the end of each pleading.*

Yolanda Lee

v

Oklahoma Department of Rehabilitation Services

## COMPLAINT

To the HONORABLE JUDGE HEATON:

Plaintiff comes before the court with a legitimate claim. With limit ability Plaintiff will try and state a claim in which relief can be granted. Plaintiff states claim under U.S.C. 42 Section 1983 abrogating the State's 11th Admenment immunity.

The backaground is the same as my previous lawsuit. The law cited is different. A discrimination claim is the same. Claims under the Civil Rights Act 1991, U.S.C. 42 Section 1981, Age discrimination, disparate impact, Race discrimination, and Title VII factors were present.

I was the 1st African Amercian in position of the Human Resources of Swanson Services and I was treated different. The fact that this occurred in 2008, in the 25 year history of the Business Enterpise contract with Ft. Sill, Ok. certain positions did not include African Americans. It's a denial that before Plaintiff there had not been a African American with the ability, potential, or intelligence to hold positions in the Human Resources Department. Today there has never been a African American in any corporate positon or subdivisions of a Licensed Business Enterpise program. Lack of knowledge of the law and the inability to cite the correct law does not negate the fact that harm was done. Swanson Services has a documented history of not abiding by rules and procedures required of their contract. ODRS is responsible for their actions as the grantor of issuing the license of the Business Enterprise (Attachment 2). The

attachment documents ODRS has a responsiblity to ensure Swanson Services abides by rules and regulations set forth by the federal government and Oklahoma statues in regards to managing the finances and managing the people of it's vendors. The "Manager's Agreement" under Definitions define the agreement "between a licensed manager and the State Licensing Agency in establishing basic terms and conditions for management of the business enterprise." The licensing agent cannot grant vendors licensing unless it is understood about the contractual relantionship with the SLA having final authority. Attachment 1"General Provisions" Appendix E pg 7. 612:25-6-19 (b) states "if a licensed manager fails to terminate a employee, the licensed manager is subject to termination of the licensed managers agreement by the SLA". Plaintiff asserts the SLA had the authority to terminate or not terminate employees of the license manager Swanson Services. ODRS in granting the license showed lack of responsibility of federal and state policy to not observe, monitor and report on vendors who break the law. ODRS is all over Swanson Services in Attachment 1 when it was found finances were not in order and took steps to remedy that issue. Plaintiff asserts she deserves the same equal protection allowed for the management of the finances as to the management of people. Plaintiff alleges ODRS was aware of the mistreatment of select races, gender, group affiliation, etc and ignored it. Disparte impact and disparte treatment occurs when certain positions were not advertise at the time of Plaintiff's termination. (after termination job postings were listed in the classified local newspaper). The "do not call list" used by Swanson Services discriminated against minorities. Plaintiff also asserts her job duties included placing applicants on this list. Plaintiff alleges ODRS knew of this practice. When the matter of monies was expose ODRS used it's obligation to sanction Swanson Services, that same obligation pertains to Plaintiffs right to be promoted in her protected class and ensure she was treated with respect, treated fairly, and not have to go thru the lack of dignity that she experienced. Plaintiff should Have Equal Protection against discrimination as allowed in the licensing contract.

ODRS cannot admit even now Plaintiff was treated WRONG and they drop the ball in monitoring the entire contract.  If ODRS can be so irresponsible in awarding Government contracts they shouldn't be in charge of such a great big and enormous agency of a State and Federal program.  Their neglect allowed Swanson Services to get away with alleged fraudulent practices. This lawsuit will dispense some type of judgement to ODRS for neglecting their obligation to moinitor the entire contract.

ODRS is not entitled to States Eleventh Admendment Immunity.  Title VII prohibits employers from discriminating on the basis of race in the compensation, terms, conditions or privileges of employment.  See 42 U.S.C. 2000e-2(a).  Although Title VII as orginally enacted did not subject States to liabilty, in 1972 Congress amended the statue to include "governments {and} governmental agencies" within its definition of "person" and, by extension, its definition of "employer". 42 U.S.C. 200e(a) 2000e(b) In Fitzpatrick v. Bitzer, 427 U.S. 445 (1976), the Supreme Court held that this amending language demonstrated with sufficient clarity that "congressional authorization to sue the State as employer is clearly present" Lunnie v. Univ. of Arkansas Board of Trustees (1).  See also Richmond v. Bd. of Regents, 957 F.2d 595, 598 (8th Cir. 1992) (in employment discrimination context, elements of 42 U.S.C. 42 1983 equal protection claim are the same as Title VII. In Fitzpatrick v. Bitzer, the Court found present in Title VII of the Civil Rights Act of 1964 the 'threshold fact of congressional authorization' to sue the State as employer, because the statute made explicit reference to the availability of a private action against state and local governments in the event the Equal Employment Opportunity Commission or the Attorney General failed to bring suit or effect a conciliation agreement."  Plaintiff asserts she has contacted both agencies.

Allegations pertaining to a race discrimination case is still a main part of this lawsuit but with limited ability Plaintiff can not make a case against ODRS pertaining to this subject.  Nevertheless it is present and should still be

considered a factor. The basis for this claim relies off the cupability of Swanson Services in plaintiffs previous ligation and the background facts that has already been accepted as true by this court. The new Discovery of Atthachment 1 was not available. This lawsuit is U.S.C. 42 Section 1983. Plaintiff tried before this court to impose a Section 1983 claim with the prior defendants Swanson Services and was denied. Title 42 2000e-2 (a) and (k) will be the law cited to use with this claim. Title 42 2000e )section 701 (a) and (l).

The Business Enterprise Program Subchapter 2. General Provisions sets forth the legal authority of ODRS over Swanson Services. (Attachment 2) 612:25-2-7 (pg.1) (b) and (c) clearly outlines the assurances of the State Licensing Agency to regulate non-discrimination polices. The provisions are the same legal authority used by Auditor and Inspector Gary A. Jones CPA to cite Swanson Services for alleged financial misconduct.

Res judicata pertains to Swanson Services under U.S.C. 42 1981 and all parties pertaining to that law. Swanson Services was not a defendant with a U.S.C. 42 1983 claim. Defendant became liable 1st upon the culpability of Swanson Services. ODRS is liable secondly by the alleged discriminatory conduct by Swanson Services. Only after a cause of action has been settled could the latter action be taken against ODRS. If the 1st party (Swanson Services) either did or could have adequately represented the 2nd party (ODRS) interest then res judicata would apply. This arrangement would make the relationship a conflict of interest between ODRS and Swanson Services. Another factor to consider is whether the orginal action was judged on the merits of the case and whether that judgement was the final judgement. Final Judgement does not occur when the case is settled by the parties on their own. Plaintiff's previous ligtigation was resovled with a settlement with Swanson Services.

Plaintiff wishes to assert "whistle blower" status. Her tenacious attitude in pursing some sanctions against Swanson Services pervailed. All her

complaints to the variours agencies such as EEOC, Unemployment Security Commission, Dept. of Labor, Dept. of Contracts and Complainance at Ft. Sill, NAACP, Attorney General, and this court demanded an investigation into Swanson's activities.

ODRS had a duty as the SLA, the SLA was negligent in it's duty, it's breach of that duty to monitor the contract and the defendants negligence caused the harm that was done to plaintiff by no regular internal audits.

Wherefore, Plaintiff asks for damages against the Defendant for $75,00 for pain, suffering, punitive damages, emotionally distress, compensation, backpay, front pay, the cost of this action and all other relief she is entitled to herein.


Yolanda Lee
20 nw Mission Blvd. I-7
Lawton, Ok. 73505

DATE