# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| YOLANDA LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-1254-HE |
| | ) | |
| STATE OF OKLAHOMA, DEPARTMENT | ) | |
| OF REHABILITATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Yolanda Lee, proceeding *pro se*, brings this action against the Oklahoma Department of Rehabilitation Services ("ODRS"). She purports to assert claims under 42 U.S.C. §§ 1981 & 1983, and Title VII, for race discrimination and may be asserting a claim based on age discrimination.[1] ODRS filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not responded to the motion and has therefore confessed it. L.Cv.R. 7.1(g). Notwithstanding the lack of response, the complaint must be evaluated to determine whether it states a claim. Issa v. Comp USA, 354 F.3d 1174, 1178 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."). The court has done so.

Rule12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim

---

[1]*The complaint makes passing reference to "Age discrimination" as being among the claims asserted, but the complaint is otherwise silent as to anything bearing on age.*

upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Unsupported, conclusory allegations, however, need not be accepted as true. *See* Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).[2]

Plaintiff's complaint, like those in her previous two cases, alleges that her former employer, Swanson Services, violated her rights by discriminating against her in various ways.[3] Swanson Services, however, is not a party to this case. Instead, plaintiff has sued ODRS, which is the state licensing agency for blind vendors under the Randolph-Sheppard Act, 20 U.S.C. § 107-107f. 7 Okla Stat. § 71. While plaintiff does not identify the specific legal theory upon which she asserts ODRS to be liable for Swanson's conduct, she appears to generally allege that ODRS is liable for failing to monitor Swanson Services to ensure that it did not engage in the discrimination she alleges to have occurred as to her. ODRS has moved to dismiss plaintiff's complaint, asserting that Eleventh Amendment immunity bars

---

[2]*Pro se pleadings are construed liberally. See* Haines v. Kerner, *404 U.S. 519, 520-21 (1972).*

[3]*Plaintiff first sued Swanson Services for race discrimination in employment. See* Lee v. Swanson Services, Inc., *No. Civ-10-1083-HE. That case was apparently settled, as the parties jointly stipulated to its dismissal with prejudice. See id. at [Doc. #37]. Plaintiff later brought a second suit against ODRS, asserting claims under §1981. See* Lee v. Okla. Rehabilitation and Serv. Inc., *No. Civ-13-0007-HE. Plaintiff's claims were dismissed pursuant to Fed. R. Civ. P. 12(b)(6). See id. at [Doc. #16].*

2

this suit, that it was not plaintiff's employer and therefore can not be liable to plaintiff for employment discrimination, and that plaintiff's claims are barred by res judicata.

*Claims under 42 U.S.C. §§ 1981 & 1983*

The court concludes plaintiff's §1981 and § 1983 claims against ODRS are barred by Eleventh Amendment immunity. Plaintiff's suit is one for damages. ODRS is part of, or an arm of, the State of Oklahoma. *See* Alden v. Maine, 527 U.S. 706, 756 (1999). Under the Eleventh Amendment to the U. S. Constitution, a state is immune from suits against it by its own citizens for damages unless Congress has abrogated that immunity or unless the state waives its immunity. Pettigrew v. State of Okla. ex. rel. Okla. Dep't of Pub. Safety, 722 F.3d 1209, 1212-13 (10th Cir. 2013). Congress has not abrogated Eleventh Amendment immunity as to § 1981 claims. Patillo v. Larned State Hosp., 462 F. App'x. 780, 783 (10th Cir. 2012) (unpublished). Nor has Congress abrogated immunity as to § 1983 claims. Ellis v. Univ. of Kansas Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998) (citing Quern v. Jordan, 440 U.S. 332, 345 (1979)). Oklahoma has not waived its Eleventh Amendment immunity generally, 51 Okla. Stat. §152.1(B), and no other basis for waiver is plausibly suggested by plaintiff or otherwise apparent. Accordingly, plaintiff's §1981 and § 1983 claims are barred by the Eleventh Amendment.

*Claim under Title VII*

Plaintiff correctly notes that Congress has abrogated Eleventh Amendment immunity as to Title VII claims. *See* Fitzpatrick v. Bitzer, 427 U.S. 445, 451 (1976). However, in order to establish a claim under Title VII, a plaintiff must ordinarily establish that the

3

defendant was her "employer" and the complaint suggests no basis for concluding that as to ODRS. *See* Knitter v. Corvias Military Living, LLC, --- F.3d ----, 2014 WL 3409962 at *8 (10th Cir. 2014) ("To make out a prima facie case of either wage discrimination or retaliatory termination under Title VII, a plaintiff must first prove the defendant was her employer.") In her previous case, plaintiff conceded that ODRS was not her employer and the complaint in this case does not suggest anything different. [Doc. #1, pg. 2] ("The backgraound [sic] is the same as my previous lawsuit."). Accordingly, plaintiff has not stated a claim under Title VII upon which relief can be granted.

*Equal protection*

To the extent plaintiff asserts that ODRS violated her equal protection rights, the complaint fails to allege facts sufficient to state a plausible claim under the Twombly standard. It alleges no basis for concluding that ODRS, as the agency that licensed plaintiff's former employer as a blind vendor, was liable for any violation committed by Swanson Services or that it in some way violated her rights by failing to sanction, discipline, or otherwise supervise Swanson Services. The complaint refers to an audit of the ODRS contract with Swanson Services by the Oklahoma State Auditor & Inspector, suggesting that if ODRS needed to be concerned with the contract's finances, it also needed to be concerned with Swanson's actions as to her. But there is no apparent legal theory which supports such a broad proposition or which would otherwise make ODRS liable, in the circumstances alleged here, for the alleged wrongful acts of Swanson Services. Even construing plaintiff's complaint liberally, it does not state a claim. *See* Drake v. City of Fort Collins, 927 F.2d

1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").[4]

*Age discrimination*

As noted above, it is unclear whether plaintiff seriously asserts an age discrimination claim. The complaint alleges no facts which would support an age discrimination claim either as to Swanson or as to ODRS. Moreover, to the extent that plaintiff asserts a claim under the Age Discrimination Act of 1967, it, like the § 1981 and § 1983 claims, would be barred by Eleventh Amendment immunity. *See* Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91 (2000).

Because plaintiff fails to state a claim upon which relief can be granted, defendant's motion to dismiss [Doc. #14] is **GRANTED**. This is now the third case filed by plaintiff arising out of the same underlying dispute and the second seeking to hold ODRS liable for another entity's alleged misdeeds. In these circumstances, the court concludes it would be futile to permit amendment of the complaint. This case is **DISMISSED.**

**IT IS SO ORDERED**.

Dated this 23rd day of July, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4]*In light of this conclusion, it is unnecessary to address defendant's argument based on the doctrine of res judicata or to grapple with the effect of plaintiff having settled her underlying claim against Swanson Services.*